IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARRESHA KIRK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:23-cv-484-ECM |
| | ) | [WO] |
| JEFFERSON CAPITAL SYSTEMS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Now pending before the Court is the Plaintiff's motion to strike affirmative defenses. (Doc. 12). Upon consideration of the motion and for the following reasons, the Court concludes that the Plaintiff's motion to strike is due to be DENIED.

Affirmative defenses are governed by Federal Rule of Civil Procedure 8(c), which states, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). Pursuant to Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, striking affirmative defenses is considered "an extreme and disfavored measure." *EEOC v. Joe Ryan Enter., Inc.*, 281 F.R.D. 660, 662 (M.D. Ala. 2012) (quoting *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007)); *see also Watkins v. City of Montgomery*, 2012 WL 13008148, at *1 (M.D. Ala. July 9, 2012); *Kleppinger v. Tex. Dep't of Transp.*, 2012 WL 12893653, at *1 (S.D. Tex. Aug. 10, 2012).

The Plaintiff argues that this Court should apply the plausibility pleading standard of Rule 8(a), articulated by the United States Supreme Court in *Twombly*[1] and *Iqbal*,[2] to affirmative defenses. (Doc. 12 at 4–8). It appears that the Eleventh Circuit has not addressed whether the *Twombly*/*Iqbal* plausibility standard that applies to Rule 8(a) pleadings also applies to affirmative defenses, which are governed by Rule 8(c). In other words, in appears that the Eleventh Circuit has not extended the *Twombly*/*Iqbal* plausibility standard to affirmative defenses. When discussing affirmative defenses, the Eleventh Circuit has stated that the purpose of Rule 8(c) "is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988); *see also Hewitt v. Mobile Rsch. Tech., Inc.*, 285 F. App'x 694, 696 (11th Cir. 2008); *Pulliam v. Tallapoosa Cnty. Jail*, 185 F.3d 1182, 1185 (11th Cir. 1999) (holding that sufficient notice was given, despite the defendant's failure to plead an affirmative defense, because the "pretrial order allowed Plaintiff fair notice of what the trial would be about"); *O'Hagan v. M & T Marine Grp., LLC*, 424 F. App'x 811, 815 n.5 (11th Cir. 2011) (mentioning *Pulliam* in a parenthetical).

Furthermore, multiple district courts in Alabama have chosen not to apply the *Twombly*/*Iqbal* plausibility pleading standard to affirmative defenses. *See Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010); *Joe Ryan*, 281 F.R.D. at 664;

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

[2] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Watkins*, 2012 WL 13008148, at *2; *Davis v. Holifield*, 2021 WL 6137309, at *4–6 (S.D. Ala. Dec. 9, 2021), *report and recommendation adopted*, 2021 WL 6134692 (S.D. Ala. Dec. 29, 2021).

This Court finds the reasoning of these district courts persuasive. Unless and until the Eleventh Circuit extends the *Twombly/Iqbal* plausibility pleading standard of Rule 8(a) to affirmative defenses, this Court will continue to apply the Eleventh Circuit's "fair notice" test and examine whether the defendant's affirmative defenses as pleaded give the plaintiff fair notice of the issues and defenses that may be raised at trial. *See Joe Ryan*, 281 F.R.D. at 664. Moreover, applying the *Twombly/Iqbal* plausibility standard to Rule 8(a) pleadings and not to Rule 8(c) affirmative defenses is not inequitable because plaintiffs have more time to conduct investigations and gather facts prior to filing their complaints. Defendants, by comparison, typically only have 21 days to respond to a complaint, and if they do not assert an affirmative defense, it is deemed waived. *See* Fed. R. Civ. P. 8; *Adams v. JP Morgan Chase Bank, N.A.*, 2011 WL 2938467, at *4 (M.D. Fla. July 21, 2011).

After carefully reviewing the four affirmative defenses, this Court finds that they put the Plaintiff on fair notice of the defenses and issues that may be raised at trial. To the extent the Plaintiff seeks additional information regarding the basis for the asserted defenses, the Plaintiff may seek such information in discovery. Accordingly, for the reasons discussed above and for good cause, it is

ORDERED that the motion to strike affirmative defenses (doc. 12) is DENIED.

DONE this 8th day of November, 2023.

                                       /s/ Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE